IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

ERIC SUTTON, )
 )
    Petitioner, )
 )
v. )   Civil Case No. 11-908-DRH-PMF
 )
ZACH ROECKEMAN, )
 )
    Respondent.[1] )

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

    Before the Court is petitioner Eric Sutton's § 2254 petition for a writ of habeas corpus (Doc. No. 1). Sutton is confined at the Big Muddy Correctional Center, where he is serving concurrent 50 and 10-year prison terms. He challenges his 1998 murder and attempted murder convictions in the Circuit Court of Cook County. Wayne Lucas, an innocent bystander, was struck by a car and killed after Sutton and other members of his street gang opened fire on the driver and occupants of the car. Sutton raises the following ground for habeas relief:

    **Ground 1**:    that he is actually innocent of firing a weapon and causing the death of Wayne Lucas on June 25, 1996.

    The respondent argues that Sutton's actual innocence claim is not cognizable in this proceeding (Doc. No. 13). Sutton responds that because actual innocence is recognized as a fundamental right under the criminal law of Illinois, a deprivation of his state-created right may be redressed as a federal due process violation (Doc. No. 18).

---

[1] Zach Roeckeman, warden, is substituted as the respondent pursuant to Rule 25(d) of the Federal Rules of Civil Procedure.

Upon review of the authority presented by the parties, the Court is not persuaded that Sutton's claim of actual innocence is a cognizable ground for federal habeas corpus relief. Title 28 U.S.C. § 2254 restricts habeas relief to the ground that a person is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a). Sutton's claim of actual innocence, standing alone, does not describe a Constitutional claim. *Schlup v. Delo*, 513 U.S. 298, 315 (1995). Rather, actual innocence is merely a gateway through which habeas petitioners may gain consideration of a procedurally barred Constitutional claim. *Herrera v. Collins*, 506 U.S. 390, 400 (1993)(holding that claims of actual innocence are not cognizable on federal habeas corpus review under § 2254); *Milone v. Camp*, 22 F.3d 693, 699 (7th Cir. 1994)(a claim of actual innocence is relevant to determining whether a habeas petition may be brought at all). Claims based on violations of state law are not elevated to Constitutional claims by reason of the Due Process Clause. *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991)(matters of state law are outside the purview of federal habeas corpus).[2]

IT IS RECOMMENDED that Eric Sutton's § 2254 petition for a writ of habeas corpus (Doc. No. 1) be DENIED. This action should be dismissed. A certificate of appealability should also be denied.

SUBMITTED: November 27, 2012 .

s/Philip M. Frazier
**PHILIP M. FRAZIER**
**UNITED STATES MAGISTRATE JUDGE**

---

[2] In *House v. Bell*, 547 U.S. 518, 555 (2006), the Supreme Court reserved a decision on the question of whether actual innocence claims may be entertained in death penalty cases. More recently, the Supreme Court authorized an evidentiary hearing where exceptional circumstances created a substantial risk of putting an innocent man to death. *In Re Davis*, 130 S.Ct. 1 (2009).